UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

21-CV-11115 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings constitutional claims arising out of events that took place during his (1) fair hearings held by the New York State Office of Temporary and Disability Assistance ("OTDA") and (2) proceedings before the New York State Supreme Court, New York County ("New York Supreme Court") regarding his reimbursement request for storage payments he made in 2016.[1] He also alleges that Defendants barred him from appearing in person for fair hearings held in Brooklyn, New York, and asserts conspiracy claims, claims under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and claims arising from alleged federal wire fraud violations.

By order dated January 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without payment of fees. For the reasons set forth below, the Court grants Plaintiff 30 days to file an amended complaint.

---

[1] In the complaint, Plaintiff refers in prefatory remarks to other litigation in which he has engaged in this court but identifies the OTDA and state court storage fee litigation as the subjects of this lawsuit.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff asserts constitutional claims arising out of his state court litigation. Named as Defendants are: (1) the City of New York; (2) Marco Carrion, formerly employed with the former Mayor's Community Affairs Unit; (3) ten New York City Human Resources Administration ("HRA") employees; (4) seven individuals formerly employed by the former Mayor; and (5) Howard Redmond, of the New York City Police Department ("NYPD").

**A.    State Court Litigation**

1.    New York Supreme Court Proceedings

In Plaintiff's statement of facts, he refers to exhibits he attached to the complaint as background for his claims. One of those exhibits, an August 10, 2017, New York Supreme Court decision dismissing Plaintiff's challenge to the decision not to reimburse him for three months of storage payments, provides an exhaustive background of Plaintiff's state court litigation. The following background information is drawn from that exhibit.

"On May 26, 2016, [Plaintiff] requested the HRA to award him a storage allowance . . . and . . . reimburse him for storage expenses that he incurred to maintain his belongings while he was allegedly residing in a temporary shelter." (ECF 2, at 174.) The HRA denied this request, Plaintiff sought review with the OTDA, which reversed the HRA's decision, finding that "the HRA impermissibly determined that it needed estimates for moving services, when [Plaintiff] had made only a simple request for storage expenses." (*Id.*) In its decision, the OTDA did not direct the HRA to approve Plaintiff's "request for storage expenses or immediately pay all of the storage fees that he sought" but rather directed HRA to reconsider Plaintiff's request. (*Id.*) The HRA, in response to OTDA's reversal, requested documentation from Plaintiff regarding his request for storage payments, but Plaintiff "did not respond to that request." (*Id.*)

On October 6, 2016, HRA denied Plaintiff's request to reimburse him $3,066.69 because Plaintiff had not provided HRA with the requested documentation. On October 19, 2016, the OTDA informed Plaintiff that HRA had complied with its decision reversing HRA's initial determination. Plaintiff "did not seek a fair hearing before the OTDA in connection with the HRA's determination dated October 6, 2016." (*Id.* at 176.)

On March 28, 2017, HRA issued a new determination finding that Plaintiff "was not entitled to any storage allowance after February 2016." (*Id.*)

On August 10, 2017, the New York Supreme Court dismissed Plaintiff's proceeding because he did not exhaust his administrative remedies by requesting a fair hearing before the OTDA regarding HRA's October 6, 2016, and March 28, 2017, decisions.

On January 31, 2018, the New York Supreme Court denied Plaintiff's motion to renew and reargue the August 10, 2017, decision.

2.      OTDA Proceedings

In a decision dated April 19, 2017, after holding a fair hearing on April 11, 2017, the

OTDA found the following:

> Based on [Plaintiff's] documentation, he obtained funds to pay for the storage
> fees he incurred during the following periods: May 20, 2016 thru June 19, 2016,
> June 20, 2016 thru July 19, 2016 and July 20, 2016 to August 19, 2016. Resources
> shall be so utilized as to eliminate or reduce the need for assistance, rehabilitate
> the client and conserve public funds through assignment and recovery. [Citation
> omitted.] There is no provision in the Social Services Law or in Department
> Regulations that authorizes reimbursement for storage fees paid by an applicant or
> recipient of Public Assistance benefits. . . . The [Plaintiff's] obtaining of resources
> to pay for his storage fees is in keeping with that regulation. Therefore, the
> Agency's determination in this case is proper.

(*Id.* at 111.)

Plaintiff also attaches a July 21, 2016, letter from the OTDA, indicating that Plaintiff

complained to the OTDA about alleged due process violations during a July 5 fair hearing. (*Id.* at

107.)

In letters dated January 24, 2019, and August 7, 2019, OTDA informed Plaintiff that his

requested fair hearings would be held by telephone because "due to a prior incident at 14

Boerum Place, [Plaintiff] [would] not be allowed to return to that office for the . . . hearing[s]."

(*Id*. at 132, 134.)

In a July 7, 2021, letter, the OTDA responded to Plaintiff's complaint that the "Fair

Hearing Decision #877101K which was heard on February 9, 2021 . . . improperly framed the

issue to be the adequacy of storage fees since February 2016, arguing instead that the issue

related to the Agency's failure to properly comply with the directives in Fair Hearing Decision

#7316477K which was issued on September 14, 2016." (*Id.* at 123.)

**B.**     **Plaintiff's Claims**

Plaintiff now brings claims arising out of this state court litigation. He principally alleges that employees of the HRA violated the following rights during his fair hearings and acted illegally in the following manner:

> a) my rights to discovery material; b) my right to participate in fair hearings face-to-face instead of remotely; c) First Amendment retaliation; d) res judicata, the law-of-the-case doctrine, and estoppel; e) OTDA's illegal failure to fully enforce fair hearing decisions that are issued by its personnel; f) OTDA having illegally and substantially changed the agenda for a 4/11/17 fair hearing that it conducted between HRA and I without any prior notice about the change having been provided to me that cause me to be illegally blindsided by that change during that hearing in flagrant violation of my right to be able to properly prepare in advance for that hearing; g) OTDA's failure to fully comply with and enforce relevant laws and earlier precedential fair hearing decisions that OTDA issued that apply to fair hearing decisions that OTDA thereafter issued.

(*Id.* at 19.) Plaintiff provides 17 examples of "Constitutional Deficiencies with OTDA's Fair Hearing Program," one of which includes the assertion that:

> An OTDA administrative law judge ("ALJ") illegally and abruptly terminated the fair hearing in which I was participating against HRA [Human Resources Administration] in OTDA's offices in Brooklyn at 14 Boerum Place for OTDA fair hearing number 7316477K in retaliation for how I lawfully expressed myself during that hearing.

(*Id.* at 69) (referring to July 5, 2016 hearing). These examples date from July 15, 2016, to October 26, 2021, but mostly concern proceedings in 2016 and 2017. With respect to his claim that Defendants violated his constitutional rights when they barred him from appearing in-person, Plaintiff alleges that

> Defendant [Nigel] Marks lied [when he wrote in a letter that] OTDA wasn't required by my due process rights to grant me a pre-deprivation hearing about its decision to ban me from visiting its offices located in Brooklyn . . . [and] caused me to be unable to participate in face-to-face fair hearings against HRA.

(*Id.* at 72.) He also alleges that Defendants banned him from in person hearings "without due process and in retaliation for protected First Amendment activity that [he] engaged in against OTDA and HRA personnel." (*Id.* at 20.)

Plaintiff also provides six examples of "Constitutional Deficiencies with Article 78 Proceedings." (*Id.* at 73.) The alleged deficiencies occurring during the Article 78 proceedings took place in 2017, except for one in 2018,

> [a]fter I filed a motion to renew and reargue [New York State Supreme Court] Judge Bannon's 8/10/2017 decision in my HRA lawsuit in August of 2017, the fact that HRA continued to pay for storage unit rental expenses on my behalf while I resided where I still reside after Bannon expressed in her 8/10/17 decision that HRA wasn't obligated to issue those payments[.]

(*Id.* at 77-78.)

Plaintiff asserts 23 claims, alleging that Defendants violated his First Amendment right to access the courts, and his Fourteenth Amendment right to due process and equal protection. He also brings federal conspiracy claims, as well as state law claims. Finally, he brings claims under federal criminal statutes, and the civil provision of the Racketeer Influenced and Corrupt Organizations Act (RICO). (*See id.* at 93-99.)

Plaintiff seeks declaratory relief related to his state court litigation and "treble damages for all expenses . . . paid to commence and otherwise proceed in [the] HRA lawsuit and [the] OTDA litigation." (*Id.* at 101.)

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8").

Here, Plaintiff's 183-page complaint does not provide a short and plain statement of his claims. It is replete with irrelevant and confusing allegations, and his inclusion of allegations about many different incidents, for which he has already filed separate suits, makes it difficult to understand his claims. Plaintiff's complaint does not comply with Rule 8, and it therefore fails to state a claim on which relief can be granted. Should Plaintiff file an amended pleading in response to this order, the pleading must comply with Rule 8.

## B.    First Amendment

### 1.    Access to Courts

Under the First Amendment, individuals have a right to access the courts. To state an access to courts claim, a plaintiff must allege that a defendant has hindered his ability to litigate a "nonfrivolous, arguable underlying claim," *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002), and that the "defendant caused actual injury," meaning that the defendant "took or was responsible for actions that hindered [the] plaintiff's efforts to pursue a legal claim," *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997).

Where a plaintiff claims that a telephonic appearance amounts to a denial of access to the courts, he must allege facts demonstrating that he was denied "meaningful access to the courts." *Dixon v. von Blanckensee*, 994 F.3d 95, 107 (2d Cir. 2021) (finding that the plaintiff "ma[de] no

concrete factual allegations creating a plausible inference that appearing telephonically deprived him in any way of meaningful access to the courts, or that his physical absence prejudiced him in any way").

Plaintiff fails to state an access to courts claim because he does not allege that Defendants prevented him from litigating his claim. Indeed, based on Plaintiff's detailed allegations and submissions, it appears that he has had several opportunities to litigate his claim before the HRA, the OTDA, and the New York Supreme Court. Having eventually lost the claim is not equivalent to having been denied the ability to litigate the claim. Moreover, the single fact that two of his hearings were held telephonically does not, in it of itself, indicate that he was "deprived . . . meaningful access to the courts." *Id.*

As for Plaintiff's allegation that Defendants withheld public records and discovery material during the litigation of those matters, such challenges must be raised in those proceedings, not in a new civil action. *See generally In Re: Terrorist Attacks On September 11, 2001*, No. 03-MD-1570 (GBD) (SN), 2021 WL 4319428, at *10 (S.D.N.Y. Sept. 23, 2021) ("Parties in discovery will frequently debate the terms of what must be produced. Accepting Yahoo! News's argument about the applicability of the vagueness doctrine to these disputes would transform nearly every quotidian discovery dispute into a potential battle over First Amendment rights.").

Because Plaintiff does not point to any conduct on the part of Defendants that hindered his litigation of his claim, he fails to state an access to courts claim.

2.    First Amendment Retaliation

Plaintiff's allegations that an OTDA ALJ ended a fair hearing based on Plaintiff's "express[ion] of [him]self during that hearing," and that court personnel banned him from in person proceedings because of his speech, fail to state a claim under the First Amendment. With

respect to Plaintiff's first claim, that an ALJ violated his First Amendment right to speak during a

court proceeding, because such a claim must be brought against the ALJ, this claim cannot

proceed because the ALJ is absolutely immune from suit for damages for any actions taken

within the scope of the ALJ's judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11

(1991), *see, e.g.*, *Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d

239, 248 (S.D.N.Y. 2020) ("As an ALJ, Defendant Renzi performs adjudicatory functions within

a government agency, and as such is entitled to absolute immunity from damages liability for

their judicial acts.").

 As for Plaintiff's claim that he suffered retaliation as a result of his speech during court

proceedings, the facts alleged fail to state a claim. To state a First Amendment retaliation claim, a

plaintiff must allege that (1) he has an interest protected by the First Amendment; (2) the

defendants' actions were motivated or substantially caused by his exercise of that right; and

(3) defendants' actions effectively chilled the exercise of his First Amendment right. *Curley v.

Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Assuming that Plaintiff is entitled to First

Amendment protection for his advocacy during court proceedings, he fails to plead facts

suggesting that his speech was chilled in any manner. For example, he does not state facts

suggesting that the telephonic proceedings chilled his speech during those proceedings. Plaintiff

therefore fails to state a First Amendment retaliation claim.

## C. Fourteenth Amendment's Due Process Clause

 The Fourteenth Amendment provides that no state shall "deprive any person of life,

liberty, or property, without due process of law." Where a plaintiff sues a defendant "to enforce

procedural due process rights, a court must determine (1) whether a [liberty or] property interest

is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that

interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental

requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires a hearing before a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S. at 262 & n.8).

"[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). Access to a fair hearing, under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and further review in the state courts in an Article 78 proceeding to challenge adverse determinations in connection with government entitlement programs satisfies due process. *See Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Plaintiff asserts that, *during* the litigation of his claims against the HRA and the OTDA, Defendants violated his procedural due process rights. The exhibits he attaches to his complaint, however, indicates that he failed to take advantage of the process provided by the State of New York. For example, after the HRA issued an unfavorable decision on October 6, 2016, regarding Plaintiff's attempt to recoup his storage fee payments, he did not request a fair hearing before the

OTDA to challenge that decision. (*See* ECF 2, at 176.) Because Plaintiff failed to take advantage of the state procedure available to him, he cannot now claim that the procedure was inadequate. *See Vialez*, 783 F. Supp. at 114.  In as much as he claims that various adjournments amounted to a denial of his opportunity to be heard, he does not allege how any adjournment, or adjournments in the aggregate, amounted to such a denial. Any delays associated with his state court litigation appear to be simply delays, without any consequence to Plaintiff, except the typical frustration experienced during litigation. In the end, he participated in fair hearings with the OTDA, received a final, unfavorable decision from the HRA regarding his request for reimbursement, and then opted not to challenge that decision.

As Plaintiff has litigated his claims in various fora, since 2016, he cannot now claim that his rights have been violated because he lost, particularly because he failed to challenge the final decision regarding his reimbursement request. The Court therefore finds that Plaintiff fails to state a viable procedural due process claim.

**D.      Fourteenth Amendment's Equal Protection Clause**

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). As a general rule, the equal protection guarantee of the Constitution is satisfied when the government differentiates between persons for a reason that bears a rational relationship to an appropriate governmental interest. *See Heller v. Doe*, 509 U.S. 312, 320 (1993).

Plaintiff invokes the constitutional right to equal protection but does not plead facts showing how any defendant violated his rights under the Equal Protection Clause of the

Fourteenth Amendment. Plaintiff thus fails to state a claim on which relief can be granted under the Equal Protection Clause.

## E.     RICO Claim

Plaintiff attempts to assert claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c). In order to state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c)) (italics in original).

To state a claim of a civil RICO conspiracy under § 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Plaintiff fails to provide any facts that would support any claim under civil RICO – either a claim for civil enforcement or one of conspiracy. His allegation that Defendants committed "wire fraud" by lying in certain communications, standing alone, does not suggest a violation of the RICO statute. The Court therefore dismisses Plaintiff's claims under the civil RICO statute for failure to state a claim.

## F.    Conspiracy Claim

To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Here, Plaintiff fails to allege an agreement or factual details concerning the inception or operation of any conspiracy. He merely offers conclusory allegations that Defendants conspired

against him for the purpose of denying him reimbursement for his storage payments. The Court therefore finds that Plaintiff's fails to state a conspiracy claim under Section 1985.

## G.       Claims against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not plead any facts suggesting that any policy, custom or practice of the City of New York caused him to suffer any constitutional harm. Plaintiff therefore fails to state a claim against this defendant.

## H.       Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that it would be futile for Plaintiff to amend his complaint to include a short and plain statement of his due

14

process, equal protection, and First Amendment claims, the Court grants Plaintiff 30 days' leave to address the deficiencies noted above in an amended pleading. Should Plaintiff choose to file an amended complaint, he must provide factual support suggesting that during his state-court litigation, individual defendants (1) denied him the opportunity to be heard and that denial resulted in his inability to litigate his claims in the state courts; (2) treated him differently than other individuals who are similarly situated; (3) hindered his ability to litigate his claims by denying him access to the courts; and (4) chilled his speech. In any amended pleading Plaintiff files, he is instructed to limit his submission to the claims raised in *this* litigation.

## I.      Order to Show Cause

Plaintiff has filed an unsigned order to show cause requesting emergency preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, the complaint fails to state a claim as presently pleaded. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-11115 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's request for emergency relief. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 2, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State                   Zip Code

_____    _____
Telephone Number                          Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State              Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State              Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State              Zip Code

Defendant 4: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.