UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, et al,

                              Defendants.

21-CV-11115 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated March 2, 2022, the Court granted Plaintiff leave to file an amended complaint. (ECF 9.) Plaintiff filed an interlocutory appeal, seeking to appeal that order. (ECF 10.) On August 10, 2022, the United States Court of Appeals for the Second Circuit denied Plaintiff's leave to file the interlocutory appeal, noting that it had "entered a leave-to-file sanction against [Plaintiff]" and that Plaintiff's interlocutory appeal did "not depart from [his] 'prior pattern of vexatious filings.'" (ECF 33.)

On September 13, 2022, the Court received a letter from Plaintiff, stating, "I disclaim my right to file a further Amended Complaint in this case with respect to your 3/2/22 order. I am executing this option and doing so belatedly after I discovered that option's existence . . . . By executing that I option, I am essentially firing you from this case etc." (ECF 45.)

The Court construes this letter as a request to withdraw this action and grants the request.[1] See Fed. R. Civ. P. 41(a).

---

[1] On September 13, 2022, Plaintiff also filed a second interlocutory appeal, again seeking to challenge the March 2, 2022, order. Because this second appeal is from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction over this action. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court

## CONCLUSION

The complaint is voluntarily dismissed under Fed. R. Civ. P. 41(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    September 16, 2022
          New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge

---
of jurisdiction).