UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, et al,

                              Defendants.

21-CV-11115 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated September 16, 2022, the complaint in this action was voluntarily dismissed under Fed. R. Civ. P. 41(a). Over three years later, on January 12, 2026, the Clerk's Office of this court received a letter motion from Plaintiff asking that this action be "reinstated, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF 57.) On January 16, 2026, and on January 21, 2026, the Clerk's Office received from Plaintiff two emergency motions seeking preliminary injunctive relief and a temporary restraining order. For the reasons set forth in this order, the Court denies Plaintiff's motions.

## DISCUSSION

**A.    Rule 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Accordingly, Plaintiff's motion, brought under Rules 60(b)(1) and 60(b)(3) are denied as untimely. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that ground five of Fed. R. Civ. P. 60(b) applies. Therefore, the motion under this clause is denied as well.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). This action was dismissed over three years ago. Plaintiff's submission does not suggest that this dismissal should be disturbed.

**B.      Rule 63**

Plaintiff invokes Rule 63 of the Federal Rules of Civil Procedure, claiming that the undersigned cannot proceed in this matter. To the extent Plaintiff seeks the undersigned's recusal, his submission does not suggest that recusal from this closed case is warranted. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be

questioned." 28 U.S.C. § 455(a). The Court therefore denies that branch of his motion brought under Rule 63.

**C.      Emergency Motions**

Because this action is closed, Plaintiff is not entitled to any relief in this action. His 594-page motion and 338-page motion, both seeking emergency relief, are therefore denied.

**CONCLUSION**

The Court denies Plaintiff's letter-motion seeking reconsideration of the Court's September 16, 2022 order of dismissal and the undersigned's recusal (ECF 57) and his emergency motions seeking preliminary injunctive relief and a temporary restraining order (ECF 58-60). The Court directs the Clerk of Court to terminate these motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 23, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge